UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------X

JOSE RODRIGUEZ,

                    Plaintiff,

           -against-

224-236 REALTY LLC, ERIC SAMSON
and DOMINGO DEL ROSARIO,

                    Defendants.

----------------------------------------------------------------X

Docket No.:

**COMPLAINT**

Jury Trial Demanded

Plaintiff, JOSE RODRIGUEZ (hereinafter "Plaintiff"), by and through his attorneys, THE LAW OFFICES OF WILLIAM CAFARO, as and for his Complaint against 224-236 REALTY LLC ("224-236 Realty"), ERIC SAMSON ("Mr. Samson") and DOMINGO DEL ROSARIO ("Mr. Del Rosario") (together as "Defendants"), alleges upon knowledge as to himself and his own actions and upon information and belief as to all other matters as follows:

## NATURE OF CASE

1. This is a civil action for damages and equitable relief based upon Defendants' flagrant and willful violations of Plaintiff's rights guaranteed to him by: (i) the overtime provisions of the Fair Labor Standards Acts ("FLSA"), 29 U.S.C. § 207(a); (ii) the FLSA's minimum wage provisions, 29 U.S.C. § 206(a); (iii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160; N.Y. Comp. Codes R. & Regs. ("NYCCRR") tit. 12, § 141 *et seq.*; (iv) the NYLL's minimum wage provisions, NYLL § 652(1); (v) the NYLL's requirement that employers provide on each payday proper wage statements to their employees containing specific

1

categories of accurate information, NYLL § 195(3); and (vi) any other claim(s) that can be inferred from the facts set forth herein.

2. Plaintiff has worked for Defendants - - a limited liability corporations and its owners, managers and overseers who own, operate and oversee three apartment complexes located at 224 East 165th Street, Bronx, NY, 10456, 232 East 165th Street, Bronx, NY, 10456 and 236 East 165th Street, Bronx, NY, 10456 (the "Buildings") - - as a porter (non-superintendent) and/or laborer at the Buildings from on or about September 16, 2017 through on or about September 7, 2022.

3. Throughout his employment, the Defendants required Plaintiff to regularly work *at least* 59 hours per week. However, Defendants failed to pay Plaintiff at the minimum wage for any of the first forty hours of work as per the FLSA and NYLL. Defendants also failed to pay Plaintiff at the overtime rate of pay of one and one-half times his regular rate of pay for each hour that Plaintiff worked per week in excess of forty, as the FLSA and NYLL require. Finally, Defendants failed to furnish Plaintiff with wage statements on each payday as the NYLL requires or provide Plaintiff with a wage notice containing the criteria enumerated under the NYLL.

## JURISDICTION AND VENUE

5. Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*. Plaintiff further invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367, which confers supplemental jurisdiction on this Court for claims arising under New York law.

6. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as all actions comprising the claims for relief occurred within this judicial district.

**PARTIES**

7. At all relevant times, Plaintiff was a resident of the State of New York, resides in Bronx County, and was an "employee" entitled to protection as defined by the FLSA, the NYLL, and the NYCCRR.

8. At all relevant times, Defendant 224-236 Realty was and is a limited liability corporation with its principal place of business located at 1215 Eastern Parkway, Apt. 18, Brooklyn, NY, 11213.

9. At all relevant times herein, Defendant Mr. Samson was and is a resident of the State of New York, was and is the president, owner, and/or day-to-day overseer of Defendants, with places of business located at 1215 Eastern Parkway, Apt. 18, Brooklyn, NY, 11213.

10. At all relevant times herein, Defendant Mr. Samson had the authority and final say in all matters concerning Defendants and all their employees, including but not limited to hiring and firing practices, promotions and compensation, maintaining employment records, and the day-to-day activities.

11. At all relevant times herein, Defendant Mr. Del Rosario was and is a resident of the State of New York, was and is the president, owner, and/or day-to-day overseer of Defendants, places of business located at 1215 Eastern Parkway, Apt. 18, Brooklyn, NY, 11213.

12. At all relevant times herein, Defendant Mr. Del Rosario had the authority and final say in all matters concerning Defendants and all their employees, including but not limited to hiring and firing practices, promotions and compensation, maintaining employment records, and the day-to-day activities.

13. At all relevant times herein, Defendants were "employers" within the meaning of the FLSA and NYLL. Specifically, Defendants' qualifying annual business exceeded $500,000,

and Defendants were engaged in interstate commerce within the meaning of the FLSA as they used goods, equipment, and other materials in the course of their business, much of which originated in states other than New York, the combination of which subjects Defendants to the FLSA's overtime requirements as an enterprise. Furthermore, Plaintiff was individually engaged in interstate commerce as he, on a daily basis, used goods that have been, and continue to be, moved in interstate commerce. This independently subjects Defendants to the overtime wage requirements of the FLSA with respect to Plaintiff.

## BACKGROUND FACTS

14. From on or about September 16, 2017 to September 7, 2022, Plaintiff worked a porter and laborer at the Buildings. Throughout his entire employment, his job included but was not limited to painting, thoroughly cleaning the inside and outside of the buildings and taking care of the trash and recycling.

15. Throughout the entirety of his employment, Defendants required Plaintiff to work – and he did in fact work – from at least 7:00 a.m. to 3:00 p.m. four days per week, 7:00 a.m. to 4:00 p.m. three days per week and for a total of *at least* 59 hours.

16. Furthermore, throughout his employment, Defendants required Plaintiff to remain close to the building and be available, or on call, engaged to wait to work, at all other times of the week and the entire weekend, all for the Defendants' benefit.

17. In exchange for his services, for the entirety of his employment, the Defendants paid Plaintiff a flat weekly salary of $240.00, which was intended and operates by law to compensate him only for his forty hours of work per week.

18. At all times relevant, Plaintiff was entitled to receive the fully statutory minimum wage rate for the first 40 hours of work each week.

19. Throughout his entire employment, Defendants paid Plaintiff below minimum wage. Indeed, since Defendants only paid him a flat salary of $240.00, which was intended to cover only his first forty hours of work, his hourly rate was $6.00, well below the federal and state minimum wage rates. Alternatively, if it is determined that the salary was meant to pay him for all hours worked, his hourly rate was no more than $4.07, which is also below the applicable minimum wage rates.

20. Plaintiff worked more than forty hours in most, if not all, workweeks in which Defendants employed him. For example, from May 15, 2022 through May 21, 2022, Plaintiff worked *at least* 59 hours for which Defendants only paid him $240.00, which covered only the first forty hours that he worked that week.

21. Throughout his employment, Defendants did not pay Plaintiff at any rate of pay, let alone his overtime rate of pay, for any hours that he worked in excess of forty per week.

22. Additionally, Defendants paid Plaintiff on a weekly basis, without providing him with any/correct wage statements that reflected the amount of hours that he worked, his regular rate of pay, or his overtime rate of pay for each hour he worked in excess of forty hours in a given workweek

23. Finally, Defendants intentionally did not provide Plaintiff with a wage notice at the time of his hire, or at any time thereafter, containing any of the following information: his rates of pay and basis thereof; whether Plaintiff was paid by the hour, shift, day, week, salary, piece, commission, or other; whether any allowances were claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by Defendants; the name and physical addresses of Defendants; any "doing business as" names used by Defendants; and Defendants' mailing addresses and telephone numbers.

24. Defendants acted in the manner described herein willfully and so as to maximize their profits while minimizing their labor costs. Indeed, Defendants repeatedly advised Plaintiff that they knew their obligations under the law and decided to not pay Plaintiff properly in order to save money.

25. Every hour that Plaintiff worked was for Defendants' benefit.

### FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Minimum Wage under the FLSA*

26. Plaintiff hereby incorporates all the preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

27. The minimum wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendants and protect the Plaintiff.

28. Defendants have failed to pay the proper statutory minimum wage to which Plaintiff was entitled under the FLSA.

29. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of the Plaintiff.

30. Due to Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

31. As a result of Defendants' violations of the FLSA, Plaintiff has been deprived of the proper minimum wage compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other appropriate compensation.

**SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Unpaid Overtime under the FLSA*

32.     The Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

33.     Defendants were required to directly pay the Plaintiff an overtime premium of one and one half times the Plaintiff's regular rate of pay for all hours worked over forty (40) in a given workweek.

34.     Defendants failed to pay the Plaintiffs the overtime wages to which the Plaintiff was entitled under the FLSA.

35.     All of the foregoing constituted willful and repeated violations of the Fair Labor Standards Act, so the applicable statute of limitations is three years pursuant to 29 U.S.C. § 255(a).

36.     As a result of Defendants' violations of the FLSA, Plaintiff has been deprived of overtime compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other appropriate compensation.

**THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Unpaid Minimum Wage under the NYLL*

37.     The Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

38.     At all times herein pertinent, Plaintiff was an employee of Defendants within the meaning of the New York Labor Law.

39.     Defendants are joint employers of the Plaintiff within the meaning of the New York Labor Law.

40. The minimum wage provisions of Article 19 of the New York Labor Law and its supporting regulations apply to Defendants.

41. Defendants have failed to pay the Plaintiff the proper minimum wages to which he was entitled under the New York Labor Law.

42. By Defendants' failure to pay the Plaintiff proper minimum wages for hours worked up to the first 40 hours per week, they have willfully violated the New York Labor Law Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

43. As a result of Defendants' violations of the FLSA, Plaintiff has been deprived of minimum wage compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other appropriate compensation.

### FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Overtime under the NYLL*

44. The Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

45. At all times herein pertinent, the Plaintiff was an employee of Defendants within the meaning of the New York Labor Law.

46. Defendants are joint employers of the Plaintiff within the meaning of the New York Labor Law.

47. The overtime wage provisions of Article 19 of the New York Labor Law and its supporting regulations apply to Defendants.

48. Defendants have failed to pay the Plaintiff the overtime wages to which he is entitled under the New York Labor Law.

49. By Defendants' failure to pay the Plaintiff premium overtime wages for hours worked in excess of 40 hours per week, they have willfully violated the New York Labor Law Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

50. As a result of Defendants' violations of the FLSA, Plaintiff has been deprived of overtime compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other appropriate compensation.

**FIFTH CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Failure to Provide Wage Notices under the NYLL*

51. Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

52. Defendants have willfully failed to furnish the Plaintiff with annual wage notices as required by NYLL, Article 6, § 195(1), in English or in the language identified by each employee as their primary language, at the time of hiring, and on or before February first of each subsequent year of the employee's employment with the employer, a notice containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

53. Through their knowing or intentional failure to provide the Plaintiff with the annual wage notices required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

54. Prior to February 27, 2015, pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiff in the amount of $50 for each workweek after the violations initially occurred, up to a statutory cap of $2,500.

55. On or after February 27, 2015, pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiff in the amount of $50 for each workday after the violations initially occurred, up to a statutory cap of $5,000.

### SIXTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Provide Wage Statements under the NYLL*

56. Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

57. Defendants have willfully failed to furnish the Plaintiff with statements with every payment of wages as required by NYLL, Article 6, § 195(3), listing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular and overtime hours worked.

58. Through their knowing or intentional failure to provide the Plaintiff with the wage statements required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

59. Prior to February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to the Plaintiff for each workweek after the violation occurred, up to the statutory cap of $2,500.

60. On or after February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to the Plaintiff in the amount of $250 for each workday after the violation occurred, up to a statutory cap of $5,000.

## DEMAND FOR A JURY TRIAL

61. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment as against the Defendants, and each of them, as follows:

   a) awarding back pay for minimum wage due and owing to the Plaintiff;

   b) awarding back pay for overtime pay due and owing to the Plaintiff;

   c) Declaring that Defendants violated the provisions of the NYLL relating to notice and record keeping requirements regarding employees, and awarding Plaintiff statutory damages and any other relief authorized under the NYLL for violations of those requirements;

   d) awarding liquidated damages any other statutory penalties recoverable under the FLSA and NYLL.

   e) awarding costs and disbursements of this action, along with reasonable attorney's fees under the FLSA and NYLL.

   f) Awarding pre-judgment and post-judgment interest, as provided by law;

   g) awarding any other relief this Court deems just, proper and equitable.

Dated: New York, New York
January 17, 2023

        Respectfully submitted,
        LAW OFFICES OF WILLIAM CAFARO

        _____
        Louis M. Leon (LL2057)
        *Attorneys for Plaintiff*
        108 West 39th Street, Suite 602
        New York, New York 10018
        (212) 583-7400
        LLeon@Cafaroesq.com